## Jones, Trustee, et al. v. Griffin.

(Decided December 13, 1911.)

## Appeal from Rockcastle Circuit Court.

Fees of Commissioner in Judicial Sale.—Under section 1740 of the Kentucky Statutes, which empowers the court to allow the commissioner a fee not exceeding $5.00 for each additional tract of land sold under the same decree, the court has no authority to allow the extra fee, where the tract of land, consisting of 11,000 acres, was composed of 64 separate tracts, each of which was described, .the tracts, however, being contiguous, and having all been sold to the same person at one time.

J. A. SULLIVAN and S. M. WALLACE for appellant.

L. W. BETHURUM for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

The appellant, Jones, held a mortgage for about $40,-000 upon the property of the Big Hill Coal Company, consisting of about 11,000 acres of land, located in Rockcastle and Jackson counties; and on March 11, 1911, he filed his suit in the Rockcastle Circuit Court to enforce his lien. The Big Hill Coal Company having answered, joining in the prayer of the petition that the land be sold to pay the debt, a judgment was duly entered directing a sale of the land to pay the debt; and the appellee, G. S. Griffin, as Master Commissioner of the Rockcastle Circuit Court, was ordered to execute the judgment. At the sale Jones, the plaintiff in this suit, bought the property for $7,773.70, for which amount he took credit upon his judgment. By an order entered July 16, 1910, Griffin, as Master Commissioner, was allowed $425.36 for making the sale; but said order having been made without notice, it was, upon Jones' motion, subsequently set aside. Upon a rehearing of the motion, Griffin was allowed the sum of $331.50, as his fee for making said sale. The appellant excepted to said allowance, and has prosecuted this appeal from the order making it.

The commissioner's compensation is controlled by section 1740 of the Kentucky Statutes, which reads in part, as follows:

"For selling land or personal property, where the amount of the sale does not exceed two thousand dollars, seven dollars and fifty cents.

"Where the sale amounts to more than two thousand dollars, but does not exceed five thousand dollars, ten dollars.

"Where the sale amounts to more than five thousand dollars, but does not exceed ten thousand dollars, fifteen dollars.

"Where the sale exceeds ten thousand dollars, twenty-five dollars.

"Where the officer goes out of the county to make the sale he shall be allowed his actual expenses and five dollars per day in addition to the fees.

"Where more than one tract of land is sold under the same decree, the court shall have power to allow not exceeding five dollars for each additional tract sold."

The allowance was made upon the basis of $15 for making a sale which amounted to more than $5,000, and $5 each for 63 additional tracts, and $1.50 for making the deed. The fee simple title in 26 lots was sold, while in the remaining tracts only the mineral rights and timber interests were sold. Appellant contends that although the judgment describes 64 separate tracts of land, they were, nevertheless, all sold at one time, under a single offer, and in no more time than it would take to make a single sale.

The only evidence in the record showing the relation of the several tracts of land to each other is found in the affidavit of the appellant, and in the commissioner's advertisement and report of sale. In his affidavit Jones says he was present at the sale; that it was made in accordance with the orders and judgment of the court; that the property was offered for sale as a whole and not in separate tracts; that no separate tract or tracts were offered for sale, and none sold, but the property was offered for sale and sold as a whole.

The judgment briefly describes each tract of land, and directs a sale of so much thereof as may be necessary to pay the debt; and, in the event the commissioner shall be unable to sell less than the whole for an amount sufficient to pay the debt, he shall sell the several tracts of land as a whole. The commissioner's advertisement of sale recites that all of the tracts are contiguous. The report of sale shows that the property was sold as a whole to the appellant, as above indicated. The Big Hill Coal Company had acquired title to this land from different individual owners, under separate conveyances,

and the description for the entire tract of land was made up of the several descriptions contained in the deeds from the vendors of the coal company. There was no new description made of the whole boundary, but the entire tract was described in the pleading by copying all of these different descriptions; and, although there was only one body of land, there were 63 different descriptions of that many separate tracts of land. As above shown, all the separate tracts comprising this body are contiguous to each other, and make up one single tract containing about 11,000 acres.

To sustain the judgment of the lower court, appellee relies upon the authority of Weller v. Hull's Assignee, 24 Ky. Law Rep., 2185, 2188. In that case the commissioner sold 330 separate tracts of land, and claimed $5 for selling each of said tracts, making an aggregate fee claimed, including expenses, of $1,700. The circuit court allowed him $1,500 in full for his services, and this court sustained that allowance. The sales realized about $60,000. Furthermore, the opinion puts stress upon the fact that it was not shown that the tracts in Knott, Leslie, Perry and Clay constituted one body, or even three bodies of land. On the contrary, they appear to have been comprised of something over 330 separate patents. Furthermore, it did not appear in that case that the tracts were contiguous. The judgment in that case directed that all the land lying in Knott and Perry counties should be sold in one lot, thereby indicating, by implication, that the tracts in Leslie and Clay counties were incapable of being so sold. In upholding the allowance of $1,500, this court said:

"We are of opinion, that under the section of the statute, the commissioner was entitled to receive, within the discretion of the court, not exceeding $5 for each of the tracts named and sold under the said decree. In view of the state of the record, the character of the land, the prices realized, the services necessarily rendered and to be rendered by the commissioner in fully executing the judgment, we are not inclined to disturb the circuit court's judgment fixing his compensation. It was within the terms of the statute."

It will be seen, therefore, that the record in Weller v. Hull, did not present a clear cut case to which the statute could be accurately applied. The amount realized

at the sale was large, and the record failed to show that the tracts were contiguous, or that they constituted one or more separate and distinct bodies of land. Under the state of the record in that case this court might well have concluded not to disturb the allowance made by the circuit judge.

According to our view of the law; the case at bar does not present the question of appellee's right to charge the maximum sum of $5 for each additional tract sold, but the question of his right to charge anything more than $15, which is the maximum fee for making a single sale, which amounts to more than $5,000 and less than $10,000. The fee is based upon the number of sales made by the commissioner, rather than the number of tracts of land embraced in the sale. It recognizes the fact that it is no more trouble or labor to the commissioner to cry and offer for sale a large tract of land than a small tract of land. The mere fact that the description of the larger tract is a long and complicated single description, or is made up of several descriptions of the component smaller tracts, does not add materially to the responsibilities or labors of the commissioner in making the sale. True, he may have a little more labor in making an extended notice and report of sale in one case than would be required in the other; but this would be no more unusual than often happens in ordinary sales, and the difference was evidently intended to be covered in the statutory scale of fees, based upon the amount of the sale. In our opinion, a proper construction of the statute is given when the emphasis is placed upon the sale made rather than the land sold at the sale. When the commissioner is required to cry and sell each additional tract, there may be, and often is, a separate buyer for each tract, and this necessitates additional labor in the way of making his report and taking the sale bonds required by law. In short, in such a case, each tract sold constitutes a separate sale; and there is no reason, under the statute, why the commissioner should not be allowed the statutory fee for making such a sale. But, where he cries and sells, at one time, several contiguous tracts, constituting one body of land, to a single person, it constitutes, in our opinion but one sale, under the statute. In no event could appellee be allowed the maximum fee by treating the sale as one sale, and then charge a further fee for selling each of the tracts which had been included

in making up the maximum amount, as was done in this case. This amounts to a duplication of amounts, and a consequent duplication of fees.

The judgment is reversed, with instructions to set it aside, and to allow the appellee $15 for making the sale.