## Peoples State Bank of Frankfort et al. v. Burns.

June 8, 1943.

K. H. Tuggle and H. H. Owens for appellant.

J. D. White for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON— Reversing.

The Peoples State Bank of Frankfort obtained a judgment in the Clay Circuit Court against Flem D. Sampson, whereby ninety-eight tracts of land were ordered sold to enforce the lien of a mortgage. Some of the tracts were owned in fee by Sampson, while in other tracts he had only mineral rights. The various tracts were widely scattered.

The judgment does appear in the record before us but from the briefs we learn that it directed the Master Commissioner "to sell such land or mineral rights or so

much thereof as may be required to liquidate the above adjudged indebtedness'' (approximately $45,000).

By direction of counsel for the Bank the Master Commissioner advertised the property for sale on January 19, 1942. An agreement was reached between the parties to call off the sale and a notice to this effect was mailed to the Master Commissioner. There is much controversy as to whether this notice was mailed on January 16 or January 18. In any event, the Commissioner claims he did not receive the notice until about 4 p. m. on January 19, after the sale had been made by him.

A report of sale was filed showing that the Commissioner ''did expose said property at public auction at the courthouse door in Manchester, Kentucky on a credit of six (months) when Clay M. Bishop being the highest bidder, became the purchaser thereof at the price of $2,225.'' Before the sale the property was appraised at $10,000 as a whole, there being no appraisement of separate tracts. The report of sale did not indicate that any of the tracts were sold separately before the property was sold as a whole.

The Commissioner moved for an allowance of $480 for making the sale, upon the theory that he was entitled to $10 for selling the first tract and $5 for selling each of the other tracts. Exceptions were filed to his claim and on a hearing, at which oral evidence was heard, the chancellor adjudged the Commissioner entitled to $10 for selling the first tract and $2.50 for each additional tract sold. A motion for an appeal from that judgment has been made in this court.

A considerable part of the proof heard before the chancellor was directed to the question whether the Commissioner received the notice to call off the sale before the sale was made but we have determined it is unnecessary to discuss this question in view of our conclusion that the Commissioner was entitled only to a fee of $10 for making one sale.

Section 1740 of the Kentucky Statutes (KRS 64.260), prescribing the fees of commissioners, provides that the commissioner is entitled to a fee for selling the first tract, based on a percentage of the amount of the sale, and ''where more than one tract of land is sold under the same decree, the court shall have power to allow not exceeding five dollars ($5) for each additional tract

sold." Construing this statute, we have held that where the commissioner makes only one sale he is entitled to the fee for one sale only regardless of the number of different tracts composing the whole. Jones v. Griffin, 145 Ky. 784, 141 S. W. 396.

On the hearing the Commissioner testified that he sold some of the tracts separately but did not keep a record of the separate sales as the land brought more as a whole. In the course of his testimony he said "there was not to exceed twenty tracts bid on at all as separate tracts, they were not all bid on as separate tracts." Consequently, even if the Commissioner had been authorized to sell the tracts separately the allowance of a separate fee for selling each of the ninety-eight tracts was wholly unwarranted. But, aside from this, the judgment did not authorize selling of the tracts separately. The Commissioner was authorized to sell only so much of the land as was necessary to satisfy the indebtedness. Under the judgment only one sale was authorized and that was of a quantity of land sufficient to satisfy the indebtedness. The Commissioner's report of sale showed that he made only one sale, a sale of the land as a whole. One sale was all he was authorized to make and he should have been allowed the statutory fee of $10.

The motion for an appeal is sustained and the appeal is granted. The judgment is reversed with direction to enter a judgment in conformity with this opinion.